1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   G & G CLOSED CIRCUIT EVENTS, LLC,

11          Plaintiff,                    CIV. NO. S-10-2146 LKK GGH

12      vs.

13

14   VICTORIA ELIZABETH JUAREZ,
     individually and d/b/a Victoria's Mexican Food,

15                                          ORDER AND
                                            FINDINGS AND RECOMMENDATIONS

16          Defendant.

17   _____/

18          Presently before the court is plaintiff's application for entry of default judgment

19   against defendant Juarez, d/b/a Victoria's Mexican Food, filed December 15, 2010.[1]  Upon

20   review of the motion and the supporting documents, and good cause appearing, the court issues

21   the following order and findings and recommendations.

22   BACKGROUND

23          On August 11, 2010, plaintiff filed the underlying complaint in this action against

24   _____

25          [1]  The matter was originally scheduled for hearing on January 20, 2011; however, it was
     vacated after the court determined that a hearing was not necessary.  Order, filed January 13,
26   2011.

1  defendant Juarez, alleging defendant unlawfully intercepted and exhibited a broadcast of a

2  program entitled, "Strikeforce: Carano v. Cyborg," ("Program"), in her establishment for

3  commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the

4  Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553,

5  and state law.  The complaint alleges defendant exhibited the Program on August 15, 2009.  The

6  summons and complaint were served on defendant Juarez by substituted service on August 23,

7  2010.  Fed. R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d

8  1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant

9  Juarez has failed to file an answer or otherwise appear in this action.  The clerk entered default

10 against defendant Juarez on September 27, 2010.

11      Request for entry of default and the instant motion for default judgment and

12 supporting papers were served by mail on defendant Juarez at her last known address.  Defendant

13 Juarez did not file an opposition to the motion for entry of default judgment.  Plaintiff seeks an

14 entry of default judgment in the amount of $111,800 against defendant Juarez.

15 DISCUSSION

16      Entry of default effects an admission of all well-pleaded allegations of the

17 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

18 1977).  The court finds the well pleaded allegations of the complaint state claims for which relief

19 can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

20      The complaint requests, in the event of default, an award of damages pursuant to

21 47 U.S.C. § 605 et seq. (The Communications Act) and 47 U.S.C. § 553, et seq. (The Cable

22 Communications Policy Act), as well as compensatory and punitive damages for conversion, and

23 restitution for violation of Cal. Bus. & Prof. Code § 17200, et seq.  (Complaint at 3-10.)  The

24 instant motion for default judgment requests damages pursuant to 47 U.S.C. § 605 in the amount

25 of $10,000 in statutory damages, $100,000 in enhanced statutory damages for having pirated

26 \\\\\

1  commercial signals in the past, and $1,800 in compensatory damages for conversion.[2]  Section

2  605 prohibits the unauthorized publication or use of communications such as the Program.

3  Section 605(e)(3)(A) also provides for a private civil action for a violation of 605(a).  National

4  Subscription Television v. S&H TV, 644 F.2d 820, 821 n. 1 (9th Cir. 1981).

5          The court deems defaulting defendant, by her failure to appear or defend this

6  action, to have waived any objections to the statutory source of the damages prayed for in the

7  instant motion.  The memorandum of points and authorities and affidavits filed in support of the

8  motion for entry of default judgment supports the finding that plaintiff is entitled to the relief

9  requested.  There are no policy considerations which preclude the entry of default judgment of

10  the type requested.  See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

11          One of the factors the court is free to consider in exercising its discretion to grant

12  or deny default judgment is the sum of money at stake.  See J & J Sports Productions, Inc. v.

13  Betancourt, No. 08cv937 JLS (POR), 2009 WL 3416431, at *3 (S.D. Cal. Oct. 20, 2009).

14          Under section 605, statutory damages may be awarded between $1,000 and

15  $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation

16  "was committed willfully and for purposes of direct or indirect commercial advantage or

17  financial gain." 47 U.S.C. § 605(e)(3)(C)(i)-(ii).  Plaintiff has referenced two other actions in the

18  Eastern District against this defendant for the same violations.  (Riley Supp. Decl., ¶ 4, Exs. 1-

19  2,dkt. #11-4.)  See J & J Sports Productions, Inc. v. Juarez, Civ.S. 10-1071 WBS KJM; J & J

20  Sports Productions, Inc. v. Juarez, Civ.S. 10-0920 LKK KJM.  These other filings do not prove

21  defendant's willfulness because defendant was not served with the complaint in those actions

22  until July 16, 2010 and June 24, 2010, respectively, after defendant exhibited the Program in this

23  case.  Nevertheless, the court has considered other factors, including that the Program was shown

24  on two television sets, to an audience of only 54 to 60 people, in a relatively urban city with a

25

26          [2]  Because plaintiff has eliminated his request for damages under § 553 and for restitution
under state law, these damages will not be addressed.

1  population in excess of 100,000.  There was no cover charge; however, the showing of the

2  Program was intended to increase business.  (Alexander Aff., dkt. #10-3.)  See Joe Hand

3  Promotions, Inc. v. Cat's Bar, Inc., 2009 WL 700125, *2 (C.D. Ill. 2009).  This court therefore

4  will recommend statutory damages under section 605 in the amount of $10,000 and enhanced

5  statutory damages in the amount of $30,000.  Inasmuch as the award of $40,000 in statutory

6  damages will be permitted, plaintiff's request for damages for conversion should be denied.

7         Insofar as the application for default judgment seeks attorneys' fees and costs but

8  the memorandum in support does not contain argument in support of this request, and there is no

9  declaration supporting this request, it is denied without prejudice to its renewal at a later time.

10  CONCLUSION

11         IT IS ORDERED that the Clerk of the Court shall serve these findings and

12  recommendations on the defaulting defendant at the address indicated on plaintiff's proof of

13  service of the instant motion.

14         In view of the foregoing findings, IT IS RECOMMENDED that plaintiff's motion

15  for entry of default judgment (dkt. # 11), be GRANTED in part.  Judgment should be rendered in

16  the amount of  $10,000 in statutory damages and $30,000 in enhanced statutory damages for a

17  total award of $40,000.

18         These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

20  fourteen (14) days after being served with these findings and recommendations, any party may

21  file written objections with the court and serve a copy on all parties.  Such a document should be

22  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

23  objections shall be served and filed within fourteen (14) days after service of the objections.  The

24  \\\\\

25  \\\\\

26  \\\\\

4

1  parties are advised that failure to file objections within the specified time may waive the right to

2  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: 02/02/2011

4                                                    /s/ Gregory G. Hollows

5                                                    _____
                                                     GREGORY G. HOLLOWS
6                                                    UNITED STATES MAGISTRATE JUDGE

7  GGH:076/G&GClosed2146.def.wpd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26