1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    G & G CLOSED CIRCUIT EVENTS, LLC,

11              Plaintiff,                          CIV. NO. S-10-2146 LKK GGH PS

12         vs.

13
      VICTORIA ELIZABETH JUAREZ,
14    individually and d/b/a Victoria's Mexican Food,
                                                    ORDER AND FINDINGS AND
15              Defendant.                          RECOMMENDATIONS

16    _____/

17              On February 2, 2011, this court issued findings and recommendations

18    recommending that default judgment be granted.  On February 15, 2011, defendant filed

19    objections to those findings.  Based on those objections, defendant was permitted to file a motion

20    to set aside entry of default pursuant to Fed. R. Civ. P. 55(c).  Having now reviewed defendant's

21    motion and plaintiff's opposition, the court issues the following order.[1]

22    BACKGROUND

23              On August 11, 2010, plaintiff filed the underlying complaint in this action against

24    defendant Juarez, alleging defendant unlawfully intercepted and exhibited a broadcast of a

25    _____

26         [1] This matter is deemed suitable for submission without oral argument.

                                                1

1   program entitled, "Strikeforce: Carano v. Cyborg," ("Program"), in her establishment for

2   commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the

3   Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553,

4   and state law.  The complaint alleges defendant exhibited the Program on August 15, 2009.  The

5   summons and complaint were served on defendant Juarez by substituted service on August 23,

6   2010.  Because defendant Juarez failed to file an answer or otherwise appear in this action, the

7   clerk entered default against defendant Juarez on September 27, 2010.

8           Request for entry of default and the instant motion for default judgment and

9   supporting papers were served by mail on defendant Juarez at her last known address.  Defendant

10  Juarez did not file an opposition to the motion for entry of default judgment.  The undersigned

11  issued findings and recommendations on February 2, 2011, recommending that default judgment

12  be granted in the amount of $40,000.  Juarez filed objections on February 15, 2011, to which

13  plaintiff filed a reply.  Upon order to file a motion to set aside entry of default, and after receiving

14  an extension of time in which to do so, Juarez filed her motion to set aside entry of default on

15  April 25, 2011.  Plaintiff has filed an opposition.

16  PRELIMINARY MATTERS

17          Local Rule 302(c)(19) expressly refers to the magistrate judges Rule 55(b)(2)

18  motions for the entry of default judgment.  However, there is no similar provision in the Local

19  Rules automatically referring to magistrate judges Rule 55(c) motions for setting aside default.

20  Accordingly, the motion will be determined on findings and recommendations.

21  DISCUSSION

22          Default against defendant Juarez was entered by the Clerk of the Court on

23  September 27, 2010, pursuant to plaintiff's request.  Juarez now moves to set aside default due to

24  a torn rotator cuff and reliance on an attorney who apparently did not follow through with

25  representation in this case.  Plaintiff opposes the motion, claiming that Juarez has failed to show

26  good cause to set aside entry of default.

1  LEGAL STANDARDS

2         Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for

3  "good cause."  "Good cause" is demonstrated by: 1) a sufficient excuse for not meeting the filing

4  deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the

5  other party.  Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); Mendoza v. Wight Vineyard

6  Management, 783 F.2d 941, 945 (9th Cir. 1986).  See Tri-Continental Leasing Corp. v.

7  Zimmerman, 485 F. Supp. 495, 497 (N. D. Cal. 1980).  See also TCI Group Life Ins. Plan v.

8  Knoebler, 244 F.3d 691 (9th Cir. 2001).

9         These factors are disjunctive, and the court may vacate entry of default if any of

10  the three factors is true.  Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375

11  F.3d 922, 926 (9th Cir. 2004), quoting American Ass'n of Naturopathic Physicians v. Hayhurst,

12  227 F.3d 1104, 1108 (9th Cir. 2000).

13       1. Good Cause

14         The court has discretion to determine whether good cause has been shown.  See

15  Madsen, 419 F.2d at 6; Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975).  The court's

16  discretion is particularly generous where the motion seeks to set aside an entry of default, rather

17  than a default judgment.  Mendoza, 783 F.2d at 945.  Any doubt should be resolved in favor of

18  setting aside the default in order to decide cases on their merits.  Schwab v. Bullock's, Inc., 508

19  F.2d 353, 355 (9th Cir. 1974).

20         Leniency in setting aside a default is especially appropriate if the attorney failed

21  the client.  Girlsongs & Warner Bros., Inc. v. Starkey, 108 F.R.D. 275, 277 (N.D. Cal. 1984).  In

22  reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

23

24         [The] default was the fault of the attorneys, and not the litigant.
            Yet the impact of the sanction imposed is primarily against the
            client.  We have no intent to disavow the established principle that

25          the faults and defaults of the attorney may be imputed to, and their
            consequences visited upon, his client.  We do, however, believe

26          that when any court is considering the imposition of sanctions for

3

1   non-jurisdictional, procedural defaults and deficiencies in the
    management of litigation, the selection of the sanction to be
2   imposed must take into consideration the impact of the sanction
    and the alternatives available to achieve assessment of the penalties
3   in conformity with fault.  Absent such consideration, there is an
    abuse of discretion.

4

5   In Re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

6          Although no mention is expressly made in Rule 55(c) of "mistake" or

7   "inadvertence," the analogous Rule 60(b) allows the court to vacate an entry of default judgment

8   upon a showing of "mistake, inadvertence, or surprise."  The Ninth Circuit has clearly stated that

9   the standard for setting aside an entry of default under Rule 55(c) is more liberal than that of

10  vacating a default judgment under Rule 60(b).  Mendoza, 783 F.2d at 945.  In light of the less

11  stringent standard for setting aside an entry of default, some courts have held that a finding of

12  excusable neglect is not absolutely necessary.  See Rasmussen v. W.E. Hutton & Co., 68 F.R.D.

13  231, 235 (N.D. Ga. 1975); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 298 (S.D. Tex.

14  1967).

15         Moreover, willfulness of the default is a factor.  See Madsen, 419 F.2d at 6

16  (quoting Moore's Federal Practice § 55.10[2]); United Coin Meter v. Seaboard Coastline RR.,

17  705 F.2d 839, 845 (6th Cir. 1983) ("Where default results from an honest mistake 'rather than

18  willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b)

19  liberally.") (quoting Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981)); Medunic v.

20  Lederer, 533 F.2d 891, 893 (3rd Cir. 1976).  See also Admiral Home Appliances v. Tenavision,

21  Inc., 585 F. Supp. 14, 16 (D. N.J. 1982) aff'd, 735 F.2d 1347 (1984) (Court denied motion to set

22  aside entry of default judgment where counsel exhibited "an arrogance and disregard of the

23  consequences, not mistake, inadvertence or excusable neglect.")

24         Finally, although there is no express requirement of timeliness in Rule 55(c), the

25  fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for

26  the court to exercise its discretion to set aside the default.  10 Charles A. Wright, Arthur R.

1  Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2694 (1990).  Put simply, if any

2  good reason exists to set aside the default, the court should find good cause for doing so.

3      2.  <u>Meritorious Defense</u>

4          The <u>Zimmerman</u> court set forth the standard for showing a meritorious defense:

5          Because the preferred disposition of any case is upon the merits,
   the showing of a meritorious defense does not involve a heavy

6          burden of proof.  Thus, a party seeking to set aside a default need
   not prove his defense by a preponderance of the evidence.  Rather,

7          that party only carries the burden of producing competent evidence
   that establishes a factual or legal basis for the tendered defense.

8

9  <u>Zimmerman</u>, 485 F. Supp. at 1497 (citations omitted).

10          In <u>Keegal v. Key West & Caribbean Trading Company, Inc.</u>, 627 F.2d 372, 374

11  (D.C. Cir. 1980), the court stated that: "Likelihood of success is not the measure.  Defendants'

12  allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial,

13  would constitute a complete defense." (quoting <u>Moldwood Corp. v. Stutts</u>, 410 F.2d 351, 352

14  (5th Cir. 1969)).

15      3.  <u>Prejudice</u>

16          "Finally, in assessing prejudice to the plaintiff, the court notes that [m]ere delay in

17  satisfying plaintiff's claim, if it should ultimately succeed at trial, is not sufficient prejudice to

18  require denial of a motion to set aside default."  <u>Newhouse v. Probert</u>, 608 F. Supp. 978

19  (W.D.Mich. 1985); <u>citing</u> <u>Keegal</u>, <u>supra</u>, 627 F.2d at 374.  Prejudice should be demonstrated

20  which is beyond that inherent to all plaintiffs in setting aside the entry of default, to

21  counterbalance the universal policy favoring trial on the merits.

22  <u>APPLICATION</u>

23          Juarez's motion demonstrates the most scant reference to good cause.  She

24  concludes only that excusable neglect caused the delay in answering the complaint because she

25  has had a torn rotator cuff since last August, which was about the time that she was served with

26  the complaint.  (Dkt. # 5.)  She also states that she relied on a business partner who had been

1   sued by the same company, and whose attorney was going to represent both of them.  She "gave

2   him all [her] paperwork which they kept for weeks, finally [she] got the [paperwork] back to

3   handle this [her]self."  She indicates that she must handle the case herself because she has not

4   been able to retain counsel due to her limited finances.  As set forth above, leniency in setting

5   aside a default is especially appropriate if the attorney failed the client.  Girlsongs & Warner

6   Bros., Inc., 108 F.R.D. at 277.

7          Plaintiff's excuses are not detailed enough to determine whether the attorney to

8   represent her failed in his duty, and she has not supported her assertions by declaration.  Further,

9   her objections to the findings and recommendations are also conclusory and vague in addressing

10  a potential meritorious defense.  She states that she does not recall showing the program at issue,

11  that the program was on Showtime programming in San Jose, which is one and a half hours from

12  her business in Stockton, and that she did not have Showtime programming at her business.  She

13  states that she only showed a fight one time, for a mixed martial arts class, but she now is

14  defending three actions against her.  She claims she did not show the fight that plaintiff is

15  accusing her of showing, and that she is not aware of programming rules or requirements.  (Dkt.

16  # 16.)

17         Plaintiff, in addition to opposing any contention of excusable neglect or

18  meritorious defense, argues that it has been prejudiced by defendant's actions.  This case has

19  been pending against defendant for nine months.  Based on defendant's representations

20  indicating a lack of any specific information in her defense, plaintiff argues that discovery will be

21  especially difficult.  Finally, plaintiff has been required to respond to defendant's frivolous

22  motions, thereby increasing plaintiff's fees and costs.

23         The undersigned is not unsympathetic to plaintiff's protestations.  Nevertheless,

24  because the standard for setting aside entry of default is so liberal, the default should be set aside.

25  Juarez is warned, however, that this recommendation is not made without great pause, as

26  plaintiff's excuses are scant.  In future, if Juarez's actions demonstrate delay for delay's sake, she

1  is warned that such delay will be taken seriously, and additional monies may be awarded.

2  <u>CONCLUSION</u>

3          Accordingly, IT IS ORDERED that:

4          1.  This court's findings and recommendations, filed February 2, 2011, (dkt. # 15),

5  are vacated; and

6          2.  Plaintiff's motion for default judgment, filed December 15, 2010, (dkt. # 11),

7  is vacated.

8          For the reasons stated in this opinion, IT IS RECOMMENDED that defendant's

9  motion to set aside entry of default, filed April 25, 2011, (dkt. # 23), be granted, and that Juarez

10  be permitted to file an answer within 28 days of an order adopting these findings and

11  recommendations.

12          These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14  (14) days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within fourteen seven (7) days after service of the objections.  The

18  parties are advised that failure to file objections within the specified time may waive the right to

19  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: 05/27/2011

21          /s/ Gregory G. Hollows

22          GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

23

GGH:076/G&GClosed2146.set.wpd

24

25

26

7