IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

    Plaintiff,

vs.

VICTORIA ELIZABETH JUAREZ, individually and d/b/a Victoria's Mexican Food,

    Defendant.
_____/

CIV. NO. S-10-2146 LKK GGH PS

ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS

    On May 30, 2011, the undersigned issued an order and findings and recommendations, recommending that defendant's motion to set aside entry of default be granted. Plaintiff has filed objections to which defendant filed a reply. Based upon review of those filings, the findings and recommendations are now vacated, and replaced with the following amended findings and recommendations.[1]

---

[1] The order portion of the May 31, 2011 opinion is not affected by this ruling. The procedural history of the default matter is somewhat extended. The undersigned initially recommended entry of default judgment due to the complete non-appearance of defendant. After issuing those recommendations, defendant appeared, asked for leniency, which the undersigned understood as a request to be relieved of default. The initial F & Rs (I) were withdrawn. After issuance of F & Rs II, recommending that defendant be relieved from default, plaintiff filed

BACKGROUND

On August 11, 2010, plaintiff filed the underlying complaint in this action against defendant Juarez, alleging defendant unlawfully intercepted and exhibited a broadcast of a program entitled, "Strikeforce: Carano v. Cyborg," ("Program"), in her establishment for commercial advantage without obtaining a sublicense from plaintiff for its use, in violation of the Communications Act, 47 U.S.C. § 605, the Cable Communications Policy Act, 47 U.S.C. § 553, and state law. The complaint alleges defendant exhibited the Program on August 15, 2009. The summons and complaint were served on defendant Juarez by substituted service on August 23, 2010. Because defendant Juarez failed to file an answer or otherwise appear in this action, the clerk entered default against defendant Juarez on September 27, 2010.

Request for entry of default and the instant motion for default judgment and supporting papers were served by mail on defendant Juarez at her last known address. Defendant Juarez did not file an opposition to the motion for entry of default judgment. The undersigned issued findings and recommendations on February 2, 2011, recommending that default judgment be granted in the amount of $40,000. Juarez filed objections on February 15, 2011, to which plaintiff filed a reply. Upon order to file a motion to set aside entry of default, and after receiving an extension of time in which to do so, Juarez filed her motion to set aside entry of default on April 25, 2011. Plaintiff has filed an opposition.

PRELIMINARY MATTERS

Local Rule 302(c)(19) expressly refers to the magistrate judges Rule 55(b)(2) motions for the entry of default judgment. However, there is no similar provision in the Local Rules automatically referring to magistrate judges Rule 55(c) motions for setting aside default. Accordingly, the motion will be determined on findings and recommendations.

---

objections which, in part, indicated that the undersigned had mis-worded the standard to be applied. The undersigned agreed. Therefore, in order to present the district judge with the corrected wording, the undersigned now vacates F & Rs II, and issues these final F & Rs (F & Rs III).

DISCUSSION

Default against defendant Juarez was entered by the Clerk of the Court on September 27, 2010, pursuant to plaintiff's request. Juarez now moves to set aside default due to a torn rotator cuff and reliance on an attorney who apparently did not follow through with representation in this case. Plaintiff opposes the motion, claiming that Juarez has failed to show good cause to set aside entry of default.

LEGAL STANDARDS

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" requires consideration of the following factors: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether there is a meritorious defense; or (3) whether setting aside default will prejudice the other party. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000)); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). See also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

These factors are disjunctive, and the court may deny the motion if any of the three factors is true. Franchise Holding II, LLC., 375 F.3d at 926 (quoting American Ass'n of Naturopathic Physicians, 227 F.3d at 1108). The party seeking to set aside the entry of default has the burden to show that these factors favor such relief. Franchise Holding II, 375 F.3d at 926. The Ninth Circuit Court of Appeals has recently stated that the rules in this regard are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

1. Good Cause  The court's discretion to determine whether good cause has been shown is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000); Mendoza, 783

F.2d at 945. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." <u>Mesle</u>, 615 F.3d at1091 (quoting <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir.1984).

Leniency in setting aside a default is especially appropriate if the attorney failed the client. <u>Community Dental Services v. Tani</u>, 282 F.3d 1164, 1168-69 (9th Cir. 2002).

"[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." <u>Mesle</u>, 615 F.3d at 1092.

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for the court to exercise its discretion to set aside the default. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2694 (1990). Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so.

2. <u>Meritorious Defense</u>

As the burden to set aside default is not extraordinarily heavy, the moving party must allege only sufficient facts that would constitute a defense. <u>Mesle</u>, 615 F.3d at 1094. "[T]he question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. [] Rather, that question "would be the subject of the later litigation." <u>Id.</u> (quoting <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 700 (9th Cir. 2001).

3. <u>Prejudice</u>

A simple delay in resolving the case is not sufficient prejudice to require denial of a motion to set aside default. <u>TCI Group</u>, 244 F.3d at 701 (citing <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)). "[t]he standard is whether [plaintiff's] ability to pursue his claim will be hindered." <u>Id.</u>

////

4

APPLICATION

Juarez's (pro se) presumed motion to be relieved of default demonstrates minimal support for good cause and is based upon unsupported statements; this is understandable as Juarez would know nothing about the appropriate standards for relief of default and how to present them.  Nevertheless, as set forth, her facts are sufficient given pro se status  She concludes that excusable neglect caused the delay in answering the complaint because she has had a torn rotator cuff since last August, which was about the time that she was served with the complaint. (Dkt. # 5.) She also states that she relied on a business partner who had been sued by the same company, and whose attorney was going to represent both of them.  She "gave him all [her] paperwork which they kept for weeks, finally [she] got the [paperwork] back to handle this [her]self." She indicates that she must handle the case herself because she has not been able to retain counsel due to her limited finances.  Plaintiff proffers no facts to the contrary. As set forth above, leniency in setting aside a default is especially appropriate if the attorney failed the client, or if the moving party does not have the benefit of legal representation.  Given the above circumstances, the court finds sufficient reason to excuse the conduct of Juarez which led to the default.

Juarez's presumed motion to be relieved of  default is also somewhat minimal in addressing a potential meritorious defense.  However, she states that she does not "recall" showing the program at issue, that the program was on Showtime programming in San Jose, which is one and a half hours from her business in Stockton, and that she did not have Showtime programming at her business.  She states that she only showed a fight one time, for a mixed martial arts class, but she now is defending three actions against her.  She claims she did not show the fight that plaintiff is accusing her of showing, and that she is not aware of programming rules or requirements. (Dkt. # 16.)  Under the Mesle standard, her allegations are sufficient to establish a possibly meritorious defense.

////

Plaintiff, in addition to opposing any contention of excusable neglect or meritorious defense, argues that it has been prejudiced by defendant's actions; this case has been pending against defendant for nine months. Plaintiff continues, that based on defendant's representations indicating a lack of any specific information in her defense, plaintiff argues that discovery will be especially difficult. Finally, plaintiff has been required to respond to defendant's "frivolous motions," thereby increasing plaintiff's fees and costs.

Plaintiff exaggerates the amount of effort taken in this case. This case is just one of many brought in this district alleging the unwarranted showing of copyrighted material involving boxing or martial arts. Except for its specific facts, the complaint is relative boilerplate. The only filing which plaintiff made, but which has been superseded by events, is the motion for entry of default judgment. But again, the motion to enter default judgment was fairly stock. There has been insufficient prejudice to plaintiff if this case now proceeds on the merits. Plaintiff is not hindered in any significant measure by having to prove its case at this point.

The undersigned is not unsympathetic to plaintiff's protestations. Nevertheless, because the standard for setting aside entry of default is so liberal, the default should be set aside. Under the standards set forth above, the undersigned declines to make an affirmative finding of the presence of any of the three factors. Juarez is warned, however, that this recommendation is not made without great pause, as plaintiff's excuses are minimally sufficient. In future, if Juarez's actions demonstrate undue delay, she is warned that such delay will be taken seriously, and may result in harsher findings for defendant and/or sanctions.

CONCLUSION

Accordingly, IT IS ORDERED that: the findings and recommendations, filed May 31, 2011, (dkt. # 28), are vacated. The order portion of that opinion is not affected by this order.

For the reasons stated in this opinion, IT IS RECOMMENDED that defendant's motion to set aside entry of default, filed April 25, 2011, (dkt. # 23), be granted, and that Juarez

1 be permitted to file an answer within 28 days of an order adopting these findings and
2 recommendations.

3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 (14) days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within fourteen (14) days after service of the objections.  The parties
9 are advised that failure to file objections within the specified time may waive the right to
10 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: July 7, 2011

12           /s/ Gregory G. Hollows
          UNITED STATES MAGISTRATE JUDGE
13 GGH:076/G&GClosed2146.set.amd.wpd