UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

        Plaintiff,

   v.

VICTORIA ELIZABETH JUAREZ, et al.,

        Defendant.

         NO. CIV. S-10-2146 LKK/GGH

         O R D E R

Plaintiff has filed, and seeks the entry of an order approving, a Stipulation of Dismissal of Plaintiff's Complaint ("Stipulation," ECF No. 50).

The Stipulation asks the court to "explicitly reserve jurisdiction of this action until performance specified by the Release has been fully completed." But the Stipulation is not accompanied by a document entitled "Release," nor does it refer to any entry in the court's docket. As noted in the court's previous order in this matter (ECF No. 46):

    The court will not approve a stipulated dismissal that

1

1 | requires the court to retain jurisdiction over a settlement agreement that the court has not examined. See Kokkonen v. Guardian Life Ins. Co. of America, 511 US 375, 381 (1994) (holding that a district court may only exercise ancillary jurisdiction over enforcement of a settlement agreement if the relevant order either (i) includes a term explicitly reserving such jurisdiction in the court, or (ii) incorporates the terms of the settlement agreement).

The court also refuses to approve a stipulated judgment that apparently requires the court to retain jurisdiction over this matter indefinitely until such time as plaintiff's counsel requests that the court enter judgment against defendant.

The Stipulation also provides, "The Parties have previously executed the Stipulated [sic] of Judgment that the Court enter only in the event and only upon written notification of the same to this Honorable Court by attorneys-of-record." The court is at a loss as to what this sentence means.

Accordingly, the court declines to enter the proposed order.

IT IS SO ORDERED.

DATED:  January 17, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2